Harper, J.
The party who sues on an entire special contract, must shew that he has wholly performed his part of it, or was ready to perform it, but was prevented by the act of the other party. This the plaintiff, in the present case, could not have shewn. He therefore could not have recovered on the special contract. But we have held that where the parties, by mutual consent, put an end to the contract, he who has performed work and labour, or rendered services, may maintain an action on the common counts for the services actually rendered, against him who has received the benefit. Such was the decision in the case of Gaffney v. Myers,* decided by this Court, and in the case of-, decided at the last sitting of this Court, in which an overseer was employed who was also to work as a hand. He performed the services of overseer, but did not work. We held that his employer, ha *479 ving accepted these services without objection, or turning him away, was liable on a quantum meruit. See also the case of Cleverly v. M’Culloch, decided at the last sitting of the Court.
Gregg & Woodward, for the motion.
Clarice & McDowell, contra.
In this case, there is no proof that the contract was put an end to by mutual consent. But if after the plaintiff went away, the defendant agreed to pay him what his services were actually worth, or in proportion to the time he served, this amounted to the same thing. There was some evidence of this, of the effect of which we of course express no opinion; but we think it ought to have gone to the jury. >
The motion is granted.
Johnson and O’Neall, Js. concurred.

 Not reported.